IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN HOLLINGSHEAD,**

        Petitioner,

    v.                            CASE NO. 13-3148-SAC

**STATE OF KANSAS,**
**et al.,**

        Respondents.

### **O R D E R**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by a state inmate. The filing fee was paid. Having considered the materials filed, the court finds that the petition is "mixed," that is it contains unexhausted as well as exhausted claims. Petitioner is given time to advise the court as to how he intends to proceed in this matter.

Mr. Hollingshead was initially charged with state offenses in 2006. In 2007 his attorney filed a detailed "Motion to Suppress Portions of His September 2006 Statement" during police interrogation, which included as an attachment "three pages of quotes counsel argued should be redacted from Hollingshead's 47 minute interrogation if shown to the jury (pursuant to the Kansas Supreme Court precedent, *State v. Elnicki*, 279 Kan. 47, 105 P.3d 1222 (2005)). (ROA Vol. I, pp. 42-56)." Petition (Doc. 1) at 32. A hearing was held, at which the court and State concurred with defendant's motion.

1

Petitioner's first trial commenced later in 2007, but a mistrial was declared at the end of the State's case-in-chief because as the State played the tape of petitioner's interrogation, defense counsel objected that it had not been redacted. Following the mistrial, Mr. Hollingshead filed a motion claiming that a retrial would violate double jeopardy. A hearing was held, and the motion was denied. His second trial was conducted in 2008, and he was convicted in the District Court of Johnson County, Kansas, of Attempted Murder in the First Degree and Aggravated Burglary. Thereafter, defense counsel filed a motion for new trial claiming newly discovered evidence, which was denied. On November 10, 2008, Mr. Holllingshead was sentenced to imprisonment for 147 months and 32 months to be served concurrently.

Petitioner directly appealed to the Kansas Court of Appeals (KCA), which affirmed. His Petition for Review to the Kansas Supreme Court (KSC) was denied in 2011. Mr. Hollingshead filed a pro se Petition for Certiorari in the United States Supreme Court, which was denied January on 17, 2012.

On January 18, 2013, petitioner's pro se motion pursuant to K.S.A. 60-1507 was filed in Johnson County District Court. Petitioner uses or used the prisoner mailbox rule to assert that this motion should be considered as having been filed on January 7, 2013. He alleges that the district court judge found this motion to be timely and then summarily denied relief on June 4, 2013. Mr.

2

Hollingshead filed a timely Notice of Appeal, and thereafter retained counsel that is now representing him before the court. His collateral appeal to the KCA was dismissed by counsel on August 28, 2013, "in favor of commencing this '2254' proceeding."

Mr. Hollingshead alleges three grounds in his federal petition: (1) his mistrial was provoked by the prosecutor and thus his retrial violated the Double Jeopardy Cause; (2) the Kansas courts violated his rights under the Fifth and Fourteenth Amendments by denying his request for a new trial after the State commented during closing upon his silence between his arrest and re-trial; and (3) the Kansas courts erred by failing to grant a new trial when his trial attorney produced newly-discovered exculpatory evidence following his retrial.

Petitioner alleges that all available state court remedies have been exhausted on the first two grounds. As to ground (3), he alleges that this issue was raised in the KCA and addressed on the merits, but was not included in the "Petition for Review" to the KSC "because of its 15 page limitation on such filings." Petitioner admits that his third ground is "technically not exhausted," but states that he "seeks discretionary review to avoid a fundamental miscarriage of justice" and that this issue is one of "newly discovered evidence supportive of a finding of actual innocence, so it can therefore be reviewed discretionarily to avoid a miscarriage of justice." It thus appears that petitioner intentionally failed to exhaust his third claim.

Petitioner's allegations plainly indicate that this is a "mixed petition." The Tenth Circuit recently affirmed the dismissal of a mixed § 2254 petition filed by an Oklahoma state prisoner based upon the following reasoning and long-established authority:

> A district court may not grant a habeas petition if the prisoner has not exhausted the available state court remedies. See 28 U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The court may not grant a habeas petition that contains both exhausted and unexhausted claims. See *Rose v. Lundy*, 455 U.S. 509, 522 (1982). District courts may grant a stay and abeyance of the petition if the petitioner can show "good cause" for his failure to exhaust his state court remedies. See *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The petitioner bears the burden of showing he has exhausted his state court remedies. See *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

*Mendenhall v. Parker*, ___Fed.Appx.___, 2013 WL 5651315 (10th Cir., Oct. 17, 2013)(unpublished opinion cited for persuasive reasoning). Petitioner's reasoning does not convince this court that it has authority to consider his mixed petition.[1] He seeks "discretionary review," but the sole discretion this court is aware of having to review a mixed petition is when it is prepared to deny all claims.

Petitioner now has two main options in this action: (1) dismiss this entire action without prejudice, or (2) dismiss his unexhausted claim and continue this action in federal court with his two exhausted claims only. However, petitioner is cautioned that any federal habeas corpus petition he may attempt to submit in the future

---

1   At this juncture, petitioner has alleged no facts to suggest he is entitled to a stay and abeyance of his federal petition. His stated reason for not exhausting his third claim does not amount to good cause for his failure to exhaust.

4

regarding these convictions or sentences could be barred as second or successive under 28 U.S.C. § 2244(b)(2) or by the one-year statute of limitations in § 2244(d)(1).[2]

D.Kan. Rule 9.1(a)(1) requires that a federal habeas corpus petition be submitted upon court-approved forms. If petitioner files an Amended Petition that omits his unexhausted claim, it must be submitted upon forms.

Petitioner is given time to advise the court as to how he intends to proceed in this action. If he fails to respond within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is given thirty (30) days in which to advise the court as to how he intends to proceed in order to avoid dismissal of this petition as mixed.

The clerk is directed to send § 2254 forms to counsel for petitioner.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**

---

[2] Petitioner is reminded that the pendency of this federal habeas corpus petition, unlike a properly-filed state post-conviction motion, does not toll the statute of limitations applicable to federal petitions. *Duncan v. Walker*, 533 U.S. 167 (2001). It follows that if this petition was filed with only 9 days remaining in the limitations period, as petitioner alleges, the time limit has expired unless entitlement to statutory or equitable tolling can be shown.

5